IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID PURPIGLIO, Individually and For Others Similarly Situated, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 1:23-cv-00924 |
| DROPOFF, INC., | | |
| Defendant. | | |

**JOINT MOTION TO DISMISS WITH PREJUDICE**

Plaintiff David Purpiglio, individually and for others similarly situated, and Defendant Dropoff, Inc. (together the "Parties") file this Joint Motion to Dismiss with Prejudice and respectfully show as follows:

On August 4, 2023, Plaintiff filed this action against Defendant alleging that Defendant failed to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 hours. Defendant denies that it committed any wrongdoing or violated any state or federal law, or any contractual agreement, including but not limited to those pertaining to the payment of wages or hours of work. Randy Dugan and Joseph Maines have "opted-in" to this lawsuit (hereinafter, "Opt-in Plaintiffs") and are all also represented by Plaintiff Purpiglio's counsel.

Notwithstanding, Plaintiff and Defendant have carefully and exhaustively negotiated a settlement and have agreed to resolve all alleged disputed issues in this action.

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). While some circuits hold otherwise in the FLSA context, mandating court approval of

settlements under the Act, the Fifth Circuit held that private settlement agreements between employer and employee are enforceable even in the absence of court approval, provided the plaintiff knew of his FLSA rights and had legal counsel prior to signing the settlement agreement. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 n.10 (5th Cir. 2012). Because there was "little danger of employees being disadvantaged by unequal bargaining power" and there was a "bona fide dispute as to liability," the Fifth Circuit held that a private FLSA settlement under these circumstances was binding and enforceable without court approval. *Id.* at 255-57.

Here, the settlement was achieved in an adversarial context, Plaintiff, Opt-In Plaintiffs and Defendant are represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise over disputed issues, including a bona fide dispute as to the amount of unpaid hours of overtime worked by Plaintiff and Opt-In Plaintiffs. The Parties believe that the settlement reached is a fair and reasonable compromise of the respective positions of both sides. Accordingly, entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Accordingly, Plaintiff and Defendant jointly request that the Court approve the settlement and dismiss this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ \*Michael A. Josephson*<br>\*signed with permission<br>Michael A. Josephson, Bar No. 24014780<br>Andrew W. Dunlap<br>Texas Bar No. 24078444<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>713-352-1100 – Telephone<br>713-352-3300 – Facsimile<br>mjosephson@mybackwages.com<br>adunlap@mybackwages.com<br><br>Richard J. (Rex) Burch, Bar No. 24001807<br>BRUCKNER BURCH PLLC<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>713-877-8788 – Telephone<br>713-877-8065 – Facsimile<br>rburch@brucknerburch.com<br><br>**ATTORNEYS FOR PLAINTIFF & OPT-IN PLAINTIFFS** | */s/ David B. Jordan*<br>David B. Jordan, Bar No. 24032603<br>djordan@littler.com<br>LITTLER MENDELSON, P.C.<br>1301 McKinney Street, Suite 1900<br>Houston, TX  77010<br>Telephone:     713.951.9400<br>Facsimile:      713.951.9212<br><br>Kimberly Kauffman, Bar No. 24089255<br>kkauffman@littler.com<br>LITTLER MENDELSON, P.C.<br>100 Congress Avenue, Suite 1400<br>Austin, TX  78701<br>Telephone:     512.982.7250<br><br>**ATTORNEYS FOR DEFENDANT DROPOFF, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th of February, 2024, a true and correct copy of the foregoing was served on the counsel of record by Court electronic notification.

        */s/ David B. Jordan*
        David B. Jordan